**Donald WALKER, Plaintiff–Appellant,**

v.

**PACIFIC PRIDE SERVICES, INC.,**
**Defendant–Appellee.**

**No. 07–17373.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2009.

Filed Aug. 12, 2009.

Mark Webb, Esquire, San Francisco, CA, Carter White, U.C. Davis School of Law, Davis, CA, for Plaintiff–Appellant.

Matthew Robert Halloran, Wright Robinson McCammon Osthimer & Tatum, Peter Michael Hart, Leclairryan, LLP, San Francisco, CA, for Defendant–Appellee.

Before: SCHROEDER, ROTH,* and TASHIMA, Circuit Judges.

### MEMORANDUM **

The victim of a workplace accident, Donald Walker, brought suit against the franchisor of the commercial fueling station where he worked. The franchisor, Pacific Pride Services, Inc., moved for summary judgment, asserting that it was not liable for the accident because the franchisee, SF Petroleum, Inc., was an independent contractor as a matter of law. The district court granted the motion for summary judgment. Walker's appeal concerns whether issues of disputed fact remain as to whether the franchisor-franchisee relationship was actually a principal-agent relationship, in which case the franchisor could be found liable for the victim's injuries. We assume the parties' familiarity with the facts and the record of prior proceedings, to which we refer only as necessary to explain our decision. For the reasons given below, we now affirm the district court's order granting summary judgment.[1]

At issue is whether the district court could determine as a matter of law that no agency relationship between Pacific Pride and SF Petroleum existed on the basis of the franchise agreement. The agency determination can be made as a matter of law when the essential facts are not in

conflict. *Wickham v. Southland Corp.*, 168 Cal.App.3d 49, 55, 213 Cal.Rptr. 825 (1985). The general rule is that, if a franchise agreement gives the franchisor the right of complete or substantial control over the franchisee, an agency relationship exists. *See Kuchta v. Allied Builders Corp.*, 21 Cal.App.3d 541, 547, 98 Cal.Rptr. 588 (1971). Nevertheless, "[a] franchisor must be permitted to retain such control as is necessary to protect and maintain its trademark, trade name and goodwill, without the risk of creating an agency relationship with its franchisees." *Cislaw v. Southland Corp.*, 4 Cal.App.4th 1284, 1295, 6 Cal.Rptr.2d 386 (1992).

In this case, the essential facts concerning the relationship between Pacific Pride and SF Petroleum are not in conflict. Contrary to Walker's assertion, the franchise agreement between Pacific Pride and SF Petroleum makes clear that Pacific Pride exerted only enough control necessary to protect and maintain its trademark, trade name and goodwill. Walker has neither contested the validity of the franchise agreement, which governs the franchise relationship, nor presented any evidence that the franchise relationship was conducted in a way that went beyond the terms of the agreement. *Compare id.* at 1287, 6 Cal.Rptr.2d 386 (holding no genuine issue of material fact existed where

---

* The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Jurisdiction for this Court's review is appropriate under 28 U.S.C. § 1291. We review a district court's order granting summary judgment de novo. *See Long v. County of Los Angeles*, 442 F.3d 1178, 1184–85 (9th Cir. 2006). Therefore, we will review using the same standard the district court used under Federal Rule of Civil Procedure 56(c). *Id.* at

1185. When viewing the evidence in the light most favorable to the non-moving party, we must decide "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (citing *Olsen v. Idaho St. Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding a movant is entitled to summary judgment if the non-moving party fails to demonstrate there is a genuine issue for trial).

the plaintiff asserted only a dispute over the interpretation of the terms of the franchise agreement) *with Kuchta,* 21 Cal. App.3d at 547–48, 98 Cal.Rptr. 588 (finding jury determination of agency was appropriate where evidence outside of the franchise agreement demonstrated the relationship was more than that of an independent contractor, which was the type of relationship specified in the franchise agreement). As such, it was permissible for the district court to determine as a matter of law whether the franchise agreement constituted an agency relationship, and the district court did not err in concluding that no agency relationship existed.

Accordingly, we affirm the district court's order granting summary judgment in favor of Pacific Pride.

**AFFIRMED.**